UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHARLENE PELLERIN, ET AL.** | * | **CIVIL ACTION NO. 6:11-0776** |
| **VERSUS** | * | **JUDGE MELANCON** |
| **MICHAEL J. NEUSTROM, ET AL.** | * | **MAGISTRATE JUDGE HILL** |

<u>MEMORANDUM RULING</u>

Pending before the Court is a civil rights action filed by plaintiffs, Charlene and Carl Pellerin, on May 23, 2011 pursuant to 42 U.S.C. § 1983. In their Complaint, plaintiffs allege that the defendants, Sheriff Michael J. Neustrom, and Deputies Carla, Nathan Perry and John Sims, have unconstitutionally arrested Carl Pellerin, with the use of excessive force, and unconstitutionally seized a gun from their residence, in connection with Carl Pellerin being charged with three counts of aggravated assault with a dangerous weapon, to wit, the seized gun, charges which remain pending in the Fifteenth Judicial District Court. The Court heard oral argument on the defendant's motion to dismiss on December 21, 2011.

For the following reasons, this action is **STAYED** in its entirety until the criminal proceedings against Carl Pellerin are completed, subject to the following conditions:

    a. Within **twenty-one (21) days** of the date the state court criminal proceedings have concluded, plaintiffs must file a motion asking this Court to lift the stay. The action will proceed at that time, absent some other bar to suit. *See Wallace v. Kato*, 549 U.S. 384 (2007).

    b. If the criminal proceedings are not concluded within six (6) months of the date that this case is stayed, on **June 20, 2012**, plaintiffs shall file a status report indicating the expected completion date of the proceeding.

Additional status reports shall be filed every six (6) months thereafter until the stay is lifted.

## STATEMENT OF CLAIM

In their original Complaint, plaintiffs allege that their civil rights were violated when the defendant Deputies falsely arrested Carl Pellerin and employed excessive force during the arrest by over-tightening handcuffs which had been placed on Carl Pellerin. [rec. doc. 1, ¶ 37, 65]. Plaintiffs further allege that the defendant Deputies unlawfully entered the Pellerin home without a search warrant and without permission, and unlawfully searched and seized a pistol from the residence. [*Id*. at ¶ 52, 32, 42, 48]. As a result, Carl Pellerin has been charged with three counts of aggravated assault with a deadly weapon. [*See* rec. doc. 6-4].

It was admitted at oral argument, and is therefore undisputed, that these charges remain pending before the Fifteenth Judicial District Court for Lafayette Parish, and that the gun which was seized from plaintiffs' residence is being held as evidence in connection with the pending criminal prosecution. [*See* rec. doc. 6 and 6-4]. Plaintiffs assert claims pursuant to 42 U.S.C. § 1983 and Louisiana state law for false arrest, use of excessive force, and illegal search and seizure in violation of plaintiffs' Second, Fourth and Fourteenth Amendment rights. Plaintiffs seek damages and injunctive relief. [rec. doc. 1, ¶ 85-90].

## LAW AND ANALYSIS

In light of the above, by this action, plaintiffs contest Carl Pellerin's arrest, as well as the search and seizure of a gun from their residence. Further, it is clear that plaintiffs seek monetary damages based on alleged violations of their Constitutional rights stemming from the arrest, and search and seizure of the gun. It is undisputed that charges remain pending against Carl Pellerin in the Fifteenth Judicial District Court for Lafayette Parish for aggravated assault with a deadly weapon.

If Carl Pellerin is ultimately convicted of the pending aggravated assault with a deadly weapon charges, plaintiffs may not be entitled to seek damages for his arrest on that charge, his detention associated with that charge, or the search and seizure of the gun, to the extent that the gun is used as evidence in the criminal proceeding, until such time as the conviction in question has been declared invalid. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).

The Fifth Circuit has explained the *Heck* analysis as follows:

> When a plaintiff alleges tort claims against his arresting officers, the district court must first consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If so, the claim is barred unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus* under 28 U.S.C. § 2254.

*DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007).

Because Carl Pellerin's criminal prosecution remains pending, *Heck* does not apply at this time. *See Wallace v. Kato*, 594 U.S. 384, 393-394, 127 S.Ct. 1091 (2007).

However, federal courts are authorized to stay civil rights claims attacking the legality of a plaintiff's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. *See Wallace*, 549 U.S. at 393-394.

Indeed, during oral argument on the defendants' Motion to Dismiss, plaintiffs' counsel acknowledged that it would be proper for this court to stay this case pending resolution of the criminal charges against Carl Pellerin. The *Wallace* court stated as follows:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *See id.*, at 487-488, n. 8, 114 S.Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck*, 512 U.S., at 487, 114 S.Ct. 2364.

In accordance with that authorization, district courts within the Fifth Circuit, as well as this court, have routinely stayed civil rights actions when criminal charges remain pending. *Quinn v. Guerrero*, 2010 WL 412901, *2 (E.D. Tex. 2010); *Fox v. Campbell*, 2009 WL 10786809 (E.D. Tex. 2009); *Holt v. Jefferson Parish Sheriff's Office*, 2007 WL 4114357, 5 (E.D. La. 2007); *Profit v. Ouachita Parish*, 2010 WL 1643800, 3:09-cv-1838, docs. 25 and 37 (W.D. La. 2010); *Anderson v. Madison Parish Sheriff's Dept.*, 3:09-cv-

0223, doc. 17 (W.D. La. 2010); *Caldwell v. Lambert*, 2010 WL 3036488, 3:10-cv-0526, docs. 7 and 9 (W.D. La. 2010); *Brown v. Hill*, 2010 WL 1734721, 3:09-2170, docs. 10 and 11 (W.D. La. 2010); *Hughes v. Gueydan Police Dept.,* 6:10-1570, doc. 49 (W.D. La. 2010); *Alexander v. City Police of Lafayette*, 6:11-1749, doc. 11 (W.D. La. 2011).

Although Carl Pellerin's criminal prosecution can move forward toward conviction regardless of the pending civil rights action, the question faced by this Court is whether plaintiffs' damage claims asserted in this action may move forward before the criminal proceeding has been concluded. In this case, they may not.[1]

As in the present case, when it is premature to determine whether a plaintiffs' civil damages claims may be barred under *Heck,* courts should stay the proceedings. *Quin*, 2010 WL 412901 at *2 *citing Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (in such cases, the court "may- *indeed should*-stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two."), *Busick v. City of Madison Mississippi*, 90 Fed. Appx. 713, 713-714 (5th Cir. 2004) (where it is impossible to determine whether a plaintiff's civil claims relating to his arrest and criminal prosecution necessarily implicate the validity of any conviction or sentence that plaintiff has received or might receive

---

[1]The undersigned acknowledges that plaintiffs' excessive force claim could proceed at this time, as any judgment by this Court would most probably not necessarily imply the invalidity of Carl Pellerin's conviction. *See Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008) *citing Ballard v. Burton*, 444 F.3d 391 (5th Cir. 2006) and cases cited in fn. 13. However, judicial efficiency and avoidance of piecemeal litigation concerns counsel against such action.

because of ongoing criminal proceedings, the district court should have stayed the civil proceedings pending the resolution of the criminal charges against plaintiff); *Davis v. Zain*, 79 F.3d 18, 19 (5th Cir. 1996) ("if some presently unforeseen or unarticulated conflict arises between the criminal retrial and the pending § 1983 case, the district court may consider the propriety of a stay or, perhaps, abstention"). A stay is therefore appropriately entered in this case.

For the above reasons, this action is **stayed** in its entirety until the criminal proceedings against Carl Pellerin are completed, subject to the following conditions:

> a. Within twenty-one (21) days of the date the state court criminal proceedings have concluded, the parties shall file a joint motion asking this Court to lift the stay. The action will proceed at that time, absent some other bar to suit. *See Wallace v. Kato*, 549 U.S. 384 (2007).

> b. If the criminal proceedings are not concluded within six (6) months, on June 20, 2012, the parties shall file a status report indicating the expected completion date of the proceeding. Additional status reports shall be filed every six (6) months thereafter until the stay is lifted.

Signed this 22nd day of December, 2011, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE